# CIRCUIT COURT OF THE CITY OF LYNCHBURG

James Easley Martin

v.

Mark Salvaggio,
Seven Hill
Surgical Associates, P.C.,
and Centra Health, Inc.

February 26, 2016

Case No. CL15000756-00

By Judge R. Edwin Burnette, Jr.

I am writing to furnish you with the decision of the Court in the above case. This matter came on for hearing January 28, 2016. At that time, the Court granted plaintiff James Easley Martin's request for leave to amend his initial complaint. Based upon that ruling, defendant Mark Salvaggio, M.D., withdrew his motion for bill of particulars. It was agreed by all counsel that the Court could consider defendant Centra Health, Inc.'s ("Centra") pending demurrer, motion for *in camera* review, and motion to dismiss as if they were filed in response to the amended complaint. Therefore, this matter is now before the Court on Centra's demurrer, motion for *in camera* review, motion to dismiss, and plaintiff's opposition thereto. The Court was advised co-defendant Salvaggio also joined in Centra's motion to dismiss and demurrer.

The Court has reviewed the relevant pleadings, briefs, and case law, and considered the arguments made at the prior hearing.

The plaintiff's amended complaint alleges "negligent credentialing and privileging" and medical malpractice. Centra asserts that plaintiff's complaint should be dismissed on two grounds. First, Centra's demurrer contends, to the extent plaintiff seeks to recover against it for negligent credentialing and privileging of Salvaggio, plaintiff's complaint fails to state a cause of action upon which relief can be granted. Second, Centra moves to dismiss because no statutorily sufficient expert opinion could have been obtained by plaintiff pursuant to Va. Code § 8.01-20.1.

First, the Court will address Centra's demurrer. The function of a demurrer is to test whether a bill of compliant states a cause of action on which relief can be granted. A demurrer admits the truth of all material facts well pleaded, including facts expressly alleged and all reasonable inferences arising therefrom. *Grossmann v. Saunders,* 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989). Trial courts must resist the temptation to prematurely decide the merits of a claim, as a "demurrer tests the legal sufficiency of facts alleged in pleadings not the strength of proof." *Assurance Data, Inc. v. Malyevac,* 286 Va. 137, 143, 747 S.E.2d 804 (2013).

There does not appear to be any Virginia Supreme Court decision which directly addresses causes of action for negligent credentialing and privileging. Plaintiff has cited ample authority from other jurisdictions and Virginia circuit courts which recognize such a cause of action. (See Plaintiff's Memorandum in Opposition to Centra Health, Inc.'s Demurrer, pages 11-13.)

Centra has cited case law which also recognizes a cause of action for negligent credentialing and privileging in the corporate context where the plaintiff is a patient of the hospital (see Central Health, Inc.'s Supplemental Memorandum of Law in Support of its Demurrer to the Amended Complaint, page 6), and has not provided any case law to the contrary. In *Stottlemyer v. Ghramm,* 60 Va. Cir. 474 (Winchester 2001), cited by both the plaintiff and Centra in this case, after holding that there is a cause of action for negligent credentialing in Virginia, Judge McGrath held "that, in order to pursue such a claim, a Plaintiff must specifically plead that they reasonably relied upon the hospital's credentialing process and that such a reliance caused them injury before they can state a cause of action." *Id.* at 482.

In the instant case, plaintiff has specifically alleged that he reasonably relied on Centra's credentialing process and that such reliance caused him injury. (See First Amended Complaint, paragraphs 75-78.) The Court finds that the plaintiff states with sufficient particularity a claim for negligent credentialing and privileging. Therefore, Centra's Demurrer will be overruled.

Next, the Court will address Centra's motion for *in camera* review and motion to dismiss.

Centra is claiming this case should be dismissed because expert certification was required in this case as to *all claims* against Centra, pursuant to Va. Code § 8.01-20.1. Having recognized negligent privileging as a distinct cause of action, the remaining question to be answered is whether this is a "medical malpractice" action within the purview of the Virginia Medical Malpractice Act.

Under Va. Code § 8.01-20.1: " 'Malpractice' means any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient," and 'Health care' means

any act, professional services in nursing homes or treatment performed of furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical diagnosis, care, treatment, or confinement."

A cause of action for negligent credentialing and privileging does not fit within the bounds of this statutory language. This tort action is not based on "health care" as defined by the Virginia Medical Malpractice Act because the "acts" or "treatments" covered by the Act must be performed or furnished "during the patient's medical diagnosis, care, treatment, or confinement." The alleged negligent credentialing and privileging acts by Centra would have long preceded this. Likewise, this tort action is not based on "professional services," which is not defined by the Act, outside the nursing home context. Rather this tort action is based on corporate negligence in the credentialing and privileging process of physicians.

The Court holds negligent credentialing and privileging as a separate cause of action does not fall within the scope of the Virginia Medical Malpractice Act and, therefore, expert certification, pursuant to Va. Code § 8.01-20.1, is not required for *this particular part* of the plaintiff's claims. Therefore, Centra's motion for *in camera* review and motion to dismiss will be overruled. This holding should *not* be viewed as relieving the plaintiff from otherwise complying with the requirements of the Virginia Medical Malpractice Act with respect to his remaining claims other than negligent credentialing and privileging.